CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
DEC 19 2008
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT A. MORRISON, | ) | Civil Action No. 7:08-cv-00556 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MICHAEL SHEFFIELD, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Robert A. Morrison, a Virginia inmate proceeding pro se, brings this civil action, pursuant to 42 U.S.C. 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics.[1] Morrison alleges that Michael Sheffield, a probation officer for the United States, and Elizabeth Killeen, an Assistant Commonwealth Attorney for Virginia, conspired to violate Morrison's Fourth and Fourteenth Amendment rights. Morrison requests that I issue a restraining order, a preliminary injunction, and a permanent injunction to prevent the dissemination of any prior federal presentence reports (PSR). After reviewing Morrison's complaint, I find that the complaint must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.

I.

Morrison specifically alleges the following facts. Morrison is presently incarcerated awaiting trial on state charges related to a bank robbery in Charlottesville, Virginia, in April 2008. Morrison is eligible for life imprisonment if convicted of this charge under Virginia's "three- strikes law." Morrison alleges that state prosecutor Killeen wants to use the federal PSRs to satisfy the elements of Virginia's three-strikes law that requires proof of prior convictions and

---

[1] 403 U.S. 388 (1971) (recognizing a damages remedy to vindicate violations of constitutional rights by individual federal officials).

times at liberty. Killeen asked Sheffield for copies of Morrison's PSRs prepared for federal courts in Massachusetts and Washington, but Sheffield told her that he would not provide her with copies of them. However, Morrison claims that Sheffield "has obviously decided to circumnavigate federal policy, court directives and his own job limitations, and is providing [Killeen] by piecemeal, the information contained in [the] PSRs." (Compl. 10.)

II.

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). An action under Bivens is almost identical to an action under 42 U.S.C. § 1983, except that the former is maintained against federal officials for a violation of a constitutional right while the latter is against state officials. See Carlson v. Green, 446 U.S. 14, 24-25 (1980); Butz v. Economou, 438 U.S. 478, 504 (1978). Case law involving § 1983 claims is applicable in Bivens actions and vice versa. See Farmer v. Brennan, 511 U.S. 825, 839-40 (1994); Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).

I am required to dismiss any action or claim filed by a prisoner if I determine the action or claim if frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A. A claim or action is frivolous if it is based on "an indisputably meritless legal theory," or "clearly baseless" factual contentions. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A litigant may be deemed to act maliciously if the complaint or the inmate's litigation history reflect that his motive in bringing suit is merely to vex and harass the defendants. Johnson v. Edlow, 37 F. Supp.2d 775, 776 (E.D. Va. 1999). I may dismiss an action or claim for

"failure to state a claim" when I find that the allegations, taken in the light most favorable to plaintiff, are nothing "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" that are insufficient "to raise a right to relief above the speculative level" to one that is "plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). In short, Morrison must "allege facts sufficient to state all the elements of [his] claim" to survive screening under § 1915A. Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

An essential element for a claim of a conspiracy to deprive a plaintiff of a constitutional right is an agreement to do so among the alleged co-conspirators. Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1006-07 (4th Cir. 1987). Without a meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy. Murdaugh Volkswagon v. First Nat'l Bank, 639 F.2d 1073, 1075-76 (4th Cir. 1981). Morrison must allege facts showing that the defendants shared a "unity of purpose or a common design" to injure him. Am. Tobacco Co. v. United States, 328 U.S. 781, 809-10 (1946). When a plaintiff makes only conclusory allegations of a conspiracy and fails to demonstrate any agreement or meeting of the minds among the defendants, I may properly dismiss the complaint. See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126-27 (9th Cir. 1989); Cole v. Gray, 638 F.2d 804, 811-12 (5th Cir. 1981).

Morrison fails to allege any facts indicating that the defendants acted jointly to injure him. Morrison relies only on conclusory allegations that the defendants are somehow in collusion because one defendant has access to the information and the other defendant requested the information. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (holding complaint

3

dismissed because it did not have any factual supporting bare assertions); White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (same). Morrison's complaint is devoid of any sufficient allegation of defendants' meeting of the minds and relies on conjecture and Killeen's statement that Sheffield would not provide her with the PSRs. Moreover, Morrison does not show that any actual deprivation of his constitutional rights resulted from the alleged conspiracy. Even if true, the sharing of information regarding Morrison's prior convictions between federal and state law enforcement officers violates no law or implicates any of Morrison's constitutional rights. There can be no conspiracy to do what the law allows. Morrison also fails to prove immediate, actual, and irreparable harm and likelihood of success on the merits, factors necessary to receive equitable relief. See Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 858-59 (4th Cir. 2001) (discussing factors necessary for court to issue equitable relief). Accordingly, the court dismisses this action for failing to state a claim upon which relief may be granted, pursuant to § 1915A(b)(1).

III.

For the foregoing reasons, I dismiss Morrison's complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 19th day of December, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge